UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUICT

Fredi Ademaj,

    Petitioner,

    v.                                          Case No. 1:04-cv-10214

United States of America,

    Respondent,

_____/

### NOTICE OF APPEAL

COMES NOW, petitioner Fredi Ademaj, in pro-se and gives this notice of appeal to this Honorable Court appealing the Sua Sponse dismissal of the District Court in the captioned above case. In support, petitioner asserts the following:

1. Petitioner filed "A WRIT AND MEMORANDUM OF LAW IN SUPPORT OF HABEAS CORPUS MOTION OF A CLAIM OF ACTUAL INNOCENCE" relies to, and applies to the case of scientific evidence, that determine the accuracy of innocence.

2. Petitioner [2241] petition filed within the District Court for the District of Georgia, Dublin Division on December of 2003. On January 21, 2004, the petition was transmitted to the District of Massachusetts. Exhibit 1.

3. On February 14, 2004, petitioner received notice from the Clerk of Court stating the entitled case assigned to Judge Tauro has been transferred to Judge Young for all proceedings. Exhibit 2.

1

4. On February 15, 2004, petitioner received a letter "form" from the District Court, dated February 5, 2004, with a Notice of Electronic Filing Docket Text; stating among other things, that; "this petition is dismissed Sua Sponte." This notice is dated February 9, 2004, but the dismissal dated February 5, 2004, four days before the review or transmission ?

5. Petitioner recognize as a matter of law that a such dismissalis a matter of prejudice and that this newly actual experttestimony and scientific evidence is a show that Constitutional violation has resulted in the conviction of one who is actually innocent; which governs "miscarriage of justice" and that the petitionfor habeas corpus is reviewed de novo from this Court, under the "cause and prejudice" standard of United States v. Frady, 456 U.S. 152, 171-174, 102 S.Ct. 1584, 1596-15997, (1982); Wainwright v. Sykes, 433 u.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

6. Petitioner asserts that the misapprehension of his claim (throughoout all available proceedings) of actual innocence implicated a fundamental miscarriage of justice and such appeals on the ground of the "actual innocence" exception to procedurally defaulted claims for habeas corpus relief under the Supremem Court decision in Schlup v. Delo, 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) based to a conviction obtained through an error-free trial. Id at 314, 115. S.Ct. 851.

7. Further, this claim of actual innocence cannot be or depend oprocedurally barred, and the argument raised at recent "WRIT" has

not been previously considered since the evidence recently discovered was not available nor the records were attached or seen by either petitioner's appellate attorney, petitioner himself, or the Court.

8. Therefore, petitioner's case present the validity of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, (1984) and Brady claim of innocence and constitutional errors committed during trial.

WHEREFORE, petitioner respectfully request a rehearing or an Certificate of Appealability to this matter.

Respectfully submitted
Petitioner - Appellant

*Fredi Ademaj* (signature)
Fredi Ademaj, Pro - Se
Reg. No. 21243-038
1000-A Jim Hammock Dr
McRae, GA 31055

## CERTIFICATE OF SERVICE

This is to certify that a true and correect copy of the foregoing was mailed to the Theodore B. Heinrich, AUSA 1003 J.W. McCormark Sq. PO & Courthouse, Boston, MA. 02109, on the 20, day of February, 204.

*Fredi Ademaj* (signature)
Fredi Ademaj, Pro - Se.